IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERMAINE R. RUDDICK,
Inmate No. B-281646,
      Plaintiff,

vs.                            Case No.: 3:17cv914/LAC/EMT

JOHN DOE STEVENS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the state correctional system proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has neither paid the filing fee not moved to proceed in forma pauperis.

The court takes judicial notice that there are at least three cases previously filed by Plaintiff in the United States District Courts that have been dismissed as frivolous or for failing to state a claim upon which relief may be granted. Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" has been determined in another civil rights complaint he previously filed in this district in Case No. 1:14cv47/MW/GRJ.  As provided in that case:

> This Court has previously dismissed two of Plaintiff's complaints under § 1915(g).  Ruddick v. Florida Department of Corrections, Case No. 4:11-cv-332- SPM-WCS (N.D. Fla. Oct. 20, 2011); Ruddick v. Tucker, Case No. 4:12-cv-641-MWCAS (N.D. Fla. May 21, 2013).  Although Plaintiff has filed more than 20 cases in Florida federal courts, the Court notes the disposition of the following three cases, sufficient to trigger the application of the three-strikes provision: (1) Ruddick v. Mangonia Park Police, Case No. 9:00-cv-9144 (S.D. Fla. Apr. 23, 2001) (dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(iii)); (2) Ruddick v. Neumann, Case No. 9:01-cv-8247 (S.D. Fla. Aug. 28, 2001) (same); (3) Ruddick v. State of Florida, Case No. 1:00-cv-3724 (S.D. Fla. May 10, 2001) (dismissed for failure to state a claim, as frivolous, and for seeking monetary relief against defendant immune from such relief; appeal was also dismissed as frivolous).

Ruddick v. United States Attorney, Case No. 1:14cv47/MW/GRJ, ECF No. 3 at 1–2 (Report and Recommendation, filed April 2, 2014, and adopted by the Court on April 10, 2014 (ECF No. 5)).  Thus, Plaintiff's status as a "three striker" is established.[1]

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g).  For this exception to be met, the court must be

---

[1] The name and inmate number of the plaintiff in those cases (#B-281646) is the same as Plaintiff's.

able to determine from the complaint that the Plaintiff is under imminent danger of serious physical injury.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  In so doing, the court must construe the complaint liberally and accept its allegations as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  However, general allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available

only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff's complaint does not show that he is under imminent danger of serious physical injury. His claims, based on alleged invasion of privacy, center upon two incidents in 2015 in which he alleges he was subjected to a strip search while housed at Santa Rosa Correctional Institution and one incident in February of 2017 in which he was subjected to a pat down search that included his groin area (ECF No. 1 at 6–7). Not only do these allegations suggest that Plaintiff is not in any danger of serious physical injury, the three isolated incidents, dated well in the past, do not suggest that any threat would be imminent. His claims therefore do not meet the exception.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis. Since Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the*

*suit*, his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 23rd day of February 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**